Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

WONGAB CORPORATION, a Korean Corporation,

Plaintiff,

vs.

H & M HENNES & MAURITZ AB, a Swedish Company; H&M HENNES & MAURITZ LP, a New York Limited Partnership; and DOES 1-10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND

3. PATENT INFRINGEMENT

Jury Trial Demanded

Plaintiff, WONGAB CORPORATION ("WONGAB"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

## INTRODUCTION

Plaintiff creates unique fabrications for use in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating marketable and aesthetically-appealing designs. Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize WONGAB to reproduce said designs should they wish to do so, and will not seek to produce the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. Despite this agreement, and WONGAB's exclusive ownership of the copyrights in its designs, parties will still exploit and produce WONGAB's exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased, and sold without permission product bearing one of Plaintiff's proprietary textile designs.

Additionally, WONGAB owns U.S. Patent No. 8,448,476 which is directed to a warp knitting fabric design.  Defendants have infringed that patent by offering to sell and selling products that incorporated the patented material as base fabric.

## JURISDICTION AND VENUE

1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* , and under the Patent Act, Title 35 U.S.C. § 1 *et. seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.  Venue in this judicial district is proper under 28 U.S.C. § 1931(b), 1391(c), 1400(a), and 1400(b) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and because defendants have regularly conducted business in this judicial district and certain of the acts complained herein occurred in this judicial district.

1

## **PARTIES**

2      4.  Plaintiff WONGAB is a corporation organized and existing under the laws

3  of Korea with its principal place of business located in Seoul, Korea, and is doing

4  business in and with the state of California.

5      5.  Plaintiff is informed and believes and thereon alleges that Defendants H &

6  M HENNES & MAURITZ AB and H&M HENNES & MAURITZ LP

7  (collectively "H&M") are companies organized and existing under the laws of

8  Sweden and New York, and are doing business in and with state of California.

9      6.  Plaintiff is informed and believes and thereon alleges that Defendants

10  DOES 1-10, inclusive, are manufacturers and/or vendors (and/or agents or

11  employees to a manufacturer or vendor) of garments, which DOE Defendants have

12  manufactured and/or supplied and are manufacturing and/or supplying fabrics and

13  other product produced with certain of Plaintiff's copyrighted designs (as

14  hereinafter defined) and covered by Plaintiff's patent without Plaintiff's knowledge

15  or consent or have contributed to said infringement, or other currently unknown

16  retail or wholesale customers of the named defendants. Plaintiff will seek leave to

17  amend this Complaint to show their true names and capacities when same have

18  been ascertained.

19      7.  Plaintiff is informed and believes and thereon alleges that at all times

20  relevant hereto each of the Defendants was the agent, affiliate, officer, director,

21  manager, principal, alter-ego, and/or employee of the remaining Defendants and

22  was at all times acting within the scope of such agency, affiliation, alter-ego

23  relationship and/or employment; and actively participated in or subsequently

24  ratified and adopted, or both, each and all of the acts or conduct alleged, with full

25  knowledge of all the facts and circumstances, including, but not limited to, full

26  knowledge of each and every violation of Plaintiff's rights and the damages to

27  Plaintiff proximately caused thereby.

28

## CLAIMS RELATED TO DESIGNS PCM-2299

8.   Plaintiff owns design it has titled PCM-2299 ("Subject Designs"), which it has registered with the U.S. Copyright Office. A true and correct image of the Subject Design is pictured hereunder.

9.   Plaintiff marketed and/or sold fabric incorporating this design to entities in the fashion industry before the acts complained of herein.

10.   Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design, H&M, and certain DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric incorporating a design that is identical, or substantially similar, to Subject Design (hereinafter "Accused Product") without Plaintiff's authorization. Accused Product includes, but is not limited to garments sold by H&M under SKU or Style Number 07971290043103.

11.   Plaintiff served a cease and desist demand relating to the claims set forth herein on H&M in November of 2014, but the issue was not addressed by H&M.

12.   A comparison of the Subject Design and Accused Product (a detail of the garment and the full garment) is set forth below. A comparison of the two designs and their constituent elements makes clear that the elements, composition, colors, selection, arrangement, layout, and appearance of the designs are at least substantially similar:

///

**Subject Design:**



**Accused Product:**



COMPLAINT

1

## CLAIMS RELATED TO U.S. PATENT NO. 8,448,476

2      13.  On May 28, 2013, U.S. Patent No. 8,448,476 entitled "WARP

3   KNITTING FABRIC HAVING GROUND ORGANIZATION EXPRESSING

4   VARIOUS DESIGN PATTERNS" ("the '476 patent"), was duly and legally issued

5   to inventor Il-Soo Lee.  A true copy of the '476 patent is attached hereto as

6   **Exhibit A**.

7      14.  WONGAB is the owner by assignment of the '476 patent with full and

8   exclusive right to bring suit to enforce the '476 patent.

9      15.  The '476 patent generally relates to a warp knit fabric having a number

10  of areas of different distinctive loop patterns and arrays of chain numbers with the

11  patterns changing in both the longitudinal and lateral directions.  Exemplary Fig. 6

12  from the front page of the patent is reproduced below.

13

14



22     16.  On information and belief, the Defendants have been and are infringing,

23  contributing to infringement, and/or inducing others to infringe the '476 patent by

24  making using, offering for sale, selling or important fabric that infringes the '476

25  patent.  Defendants' acts of infringement have occurred within this district and

26  elsewhere throughout the United States.

27

28

17.  On information and belief, the Defendants have willfully infringed the '476 patents by continuing their acts of infringement after being on notice of the patent.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants)

18.  Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

19.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and textile mills; (c) access to legitimate WONGAB fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

20.  Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed Plaintiff's rights in the Subject Design in that said garments were incorporated fabric that featured an unauthorized textile design that was identical or substantially similar to the Subject Design.

21.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling fabric and/or garments which infringe

8
COMPLAINT

1   Plaintiff's rights in the Subject Design through a nationwide network of retail
2   stores and on-line outlets.

3          22.  Due to Defendants' acts of infringement, Plaintiff has suffered
4   substantial damages to its business in an amount to be established at trial.

5          23.  Due to Defendants' acts of infringement, Plaintiff has suffered general
6   and special damages in an amount to be established at trial.

7          24.  Due to Defendants' acts of copyright infringement as alleged herein,
8   Defendants, and each of them, have obtained direct and indirect profits they would
9   not otherwise have realized but for their infringement of Plaintiff's rights in the
10  Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's
11  profits directly and indirectly attributable to Defendant's infringement of Plaintiff's
12  rights in the Subject Design in an amount to be established at trial.

13         25.  Plaintiff is informed and believes and thereon alleges that the
14  infringement of WONGAB's copyrighted designs was willful, reckless, and/or in
15  blatant disregard for WONGAB's rights as a copyright holder, and as such claims
16  willful, exemplary and enhanced statutory damages and/or the right to preclude
17  certain affirmative defenses.

18                            **SECOND CLAIM FOR RELIEF**

19              (For Vicarious and/or Contributory Copyright Infringement - Against All
20                                           Defendants)

21         26.  Plaintiff repeats, realleges and incorporates herein by reference as though
22  fully set forth the allegations contained in the preceding paragraphs of this
23  Complaint.

24         27.  Plaintiff is informed and believes and thereon alleges that Defendants
25  knowingly induced, participated in, aided and abetted in and profited from the
26  illegal reproduction and/or subsequent sales of product featuring the Subject
27  Design as alleged hereinabove.

28

28.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

29.  By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30.  Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

31.  Plaintiff is informed and believes and thereon alleges that the infringement of WONGAB's copyrighted designs was willful, reckless, and/or in blatant disregard for WONGAB's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages and/or the right to preclude certain affirmative defenses.

### THIRD CLAIM FOR RELIEF

(For Patent Infringement - Against All Defendants)

32.  Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

33.  In violation of 35 U.S.C. §271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '476

1  patent by making, using, importing, offering for sale, and/or selling fabric that

2  infringes the '476 patent, and/or by inducing or contributing to the infringement of

3  the '476 patent by others.

4      34.  Plaintiff has been damaged by the Defendants' infringement, and

5  Defendants will continue their infringing activity and Plaintiff will continue to be

6  damaged.

7                          **PRAYER FOR RELIEF**

8  Wherefore, Plaintiff prays for judgment as follows:

9                          **Against All Defendants**

10     **With Respect to the First and Second Claims for Copyright Infringement**

11      a.   That Defendants, their agents and employees be enjoined from

12           infringing Plaintiff's copyrights in any manner, specifically those for the

13           Subject Design;

14      b.   That Plaintiff be awarded all profits of Defendants plus all losses of

15           Plaintiff, plus any other monetary advantage gained by the Defendants

16           through their infringement, the exact sum to be proven at the time of

17           trial, or, if elected before final judgment, statutory damages as available

18           under the Copyright Act, 17 U.S.C. § 101 et seq.;

19      c.   That Plaintiff be awarded additional, enhanced, and elevated damages

20           given the reckless and willful nature of the acts alleged;

21      d.   That Plaintiff be awarded its attorneys' fees as available under the

22           Copyright Act, 17 U.S.C. § 101 et seq.;

23      e.   That Defendants, and each of them, account to Plaintiff for their profits

24           and any damages sustained by Plaintiff arising from the foregoing acts

25           of infringement;

26     **With Respect to the Third Claim for Patent Infringement**

27

28
                                    11
                                 COMPLAINT

f. That Defendants, their agents and employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active participation with Defendants, be enjoined from infringing Plaintiff's '476 patent in any manner;

g. an award of damages under 35 U.S.C. § 287 for Defendants' infringements of Plaintiff's '476 patent;

h. a trebling of damages pursuant to 35 U.S.C. § 284;

i. an award of attorney fees pursuant to 35 U.S.C. § 285;

With Respect to Each Claim for Relief:

j. That Plaintiff be awarded pre-judgment and post-judgment interest as allowed by law;

k. That Plaintiff be awarded the costs of this action; and

l. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,


Dated: March 22, 2017      By:      /s/ *Scott A. Burroughs*
                                     Scott A. Burroughs, Esq.
                                     Trevor W. Barrett, Esq.
                                     Justin M. Gomes, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff
                                     Wongab Corporation